IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00698-BNB

ASPEN MODECKER,

      Applicant,

v.

[NO NAMED RESPONDENT],

      Respondent.

---

## ORDER OF DISMISSAL

---

Applicant, Aspen Modecker, is incarcerated at the Jefferson County Detention Facility in Golden, Colorado.  Mr. Modecker submitted *pro se* on March 6, 2014, a Motion to Vacate, Set Aside, or Modify Fines (ECF No. 1), apparently for not wearing a seat belt.

Magistrate Judge Boyd N. Boland reviewed the motion to vacate and determined it was deficient.  On March 11, 2014, Magistrate Judge Boland entered an order directing Mr. Modecker within thirty days to cure certain enumerated deficiencies in the motion to vacate he filed.  Magistrate Judge Boland directed Mr. Modecker to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  The March 11 order directed Mr. Modecker to complete and submit those forms.  Specifically, Mr. Modecker was ordered

2aaf96f36abf4e3c

to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C.

§ 1915 in a Habeas Corpus Action, together with a certificate showing the current

balance in his prison account.  Alternatively, he was informed he could pay the $5.00

filing fee for a habeas corpus action.  He also was directed to submit a § 2254

application that named as Respondent his current warden, superintendent, jailer, or

other custodian.

Mr. Modecker has failed within the time allowed to cure any of the deficiencies in

this case or otherwise communicate with the Court in any way.  Therefore, the action

will be dismissed without prejudice for Mr. Modecker's failure to cure the designated

deficiencies as directed within the time allowed, and for his failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this

order would not be taken in good faith and therefore *in forma pauperis* status will be

denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Mr. Modecker files a notice of appeal he also must pay the full $505.00

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.

Accordingly, it is

ORDERED that the Motion to Vacate, Set Aside, or Modify Fines (ECF No. 1) is

denied and the action dismissed without prejudice pursuant to Rule 41(b) of the Federal

Rules of Civil Procedure for the failure of Applicant, Aspen Modecker, to cure the

deficiencies designated in the order to cure of March 11, 2014, within the time allowed,

and for his failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED April 22, 2014, at Denver, Colorado.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court